UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SUZANNE W.,[1]

                                              Plaintiff,

   v.                                                     5:23-CV-268
                                                                    (FJS/MJK)

COMMISSIONER OF SOCIAL SECURITY,

                                              Defendant.
_____

HOWARD D. OLINSKY, ESQ., for Plaintiff
JOHANNY SANTANA, Special Asst. U.S. Attorney, for Defendant

MITCHELL J. KATZ, U.S. Magistrate Judge

## REPORT-RECOMMENDATION

Plaintiff commenced this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security, denying her application for benefits. Plaintiff did not consent to the jurisdiction of a Magistrate Judge (Dkt. No. 6), and this matter was therefore referred to me for Report and Recommendation by Senior United States District Court Judge Frederick J. Scullin, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Both parties filed briefs, which the court treats as motions under Federal Rule of Civil Procedure Rule 12(c), in accordance with General Order 18.

---

[1] In accordance with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Northern District of New York in June 2018 in order to better protect personal and medical information of non-governmental parties, this Report-Recommendation will identify the plaintiff using only her first name and last initial.

1

I. **PROCEDURAL HISTORY**

On October 21, 2020, Plaintiff protectively filed applications for Title II Disability Insurance and Title XVI Supplemental Security Income benefits. (Administrative Transcript, ("T.") at 261-77).  Plaintiff alleged disability beginning July 4, 2020, due to lupus, Crohn's disease, depression, anxiety, and asthma. (T. 261-77, 301).  Plaintiff's claims were denied initially on February 11, 2021 (T. 145-54), and upon reconsideration on April 29, 2021 (T. 159-74).  After a hearing held on February 14, 2022 (T. 29-54), Administrative Law Judge ("ALJ") Kenneth Theurer issued an unfavorable decision dated March 15, 2022 (T. 10-28).  The ALJ's decision became the Commissioner's final decision when the Appeal's Counsel denied plaintiff's request for review on January 26, 2023.  (T. 1-4).

II. **THE ALJ'S DECISION**

In his decision, the ALJ found the following: Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2025. (T 15). Plaintiff has not engaged in substantial gainful activity since July 4, 2020, the alleged onset date. *(Id.)*. Plaintiff suffers from the severe impairments of morbid obesity, degenerative disc disease of the lumbar spine, systemic lupus erythematosus, fibromyalgia, and asthma. (T. 16).  Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (T. 18).

The ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work, except:

> [Plaintiff] can occasionally lift and carry ten pounds, sit for approximately six hours, and stand or walk for approximately two hours in an eight-hour day with normal breaks. She can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl. [Plaintiff] should avoid working at unprotected heights or in conjunction with dangerous machinery or moving mechanical parts. She should also avoid concentrated exposure to smoke, dust, and respiratory irritants.

(T.18).

Next, the ALJ determined there was insufficient evidence to determine whether Plaintiff could perform her past relevant work, but there was work in the national economy Plaintiff could perform. (T. 21-22). Thus, the ALJ determined Plaintiff has not been under a disability, as defined in the Social Security Act, from July 4, 2020, through the date of his decision. (T. 23).

### III.   ISSUE IN CONTENTION

Plaintiff's only argument on appeal is that the RFC is not supported by substantial evidence because the ALJ failed to develop the record by obtaining a medical opinion from Nurse Practitioner Norris, a treating provider who specializes in rheumatology. (Plaintiff's Brief ("Pl.'s Br.") at 8) (Dkt. No. 15). Plaintiff asserts that the record was insufficient to support the RFC based on the opinions provided by consultative examiners and state agency physicians, and thus the ALJ should have further developed the record by re-contacting NP Norris for a medical opinion. (Pl.'s Br. at 10).

The Commissioner responds that (i) the plaintiff bears the ultimate burden of proving she is disabled, (ii) the plaintiff is required to furnish medical and other

3

evidence of disability as the Commissioner may require, (iii) the plaintiff does not argue that any medical records are missing and plaintiff's representative agreed that the record was complete, (iv) the plaintiff was represented by experienced counsel and essentially the plaintiff should be estopped to assert that the ALJ erred in not performing a more exhaustive investigation, (v) the plaintiff has the duty to prove a more restrictive RFC, and (vi) the ALJ's decision is supported by substantial evidence. (Defendant's Brief ("Def.'s Br."), generally) (Dkt. No. 17).

## IV. ANALYSIS

"Given the remedial purpose underlying the Act and the nonadversarial nature of Social Security benefits administrative proceedings, an ALJ is tasked with an affirmative duty to develop the medical record and address any incompleteness discerned." *Crysler v. Astrue*, 563 F. Supp. 2d 418, 432 (N.D.N.Y. 2008) (citing *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1999); 20 C.F.R. §§ 404.1512[(b)], 416.912[(b)]). "The ALJ must develop the record even where the claimant has legal counsel." *Hubbard, v. Kijakazi*, No. 23-CV-883, 2023 WL 8615788, at *6 (S.D.N.Y. Dec. 13, 2023) (citing *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)).

The Commissioner correctly argues that the Plaintiff bears the burden of introducing evidence of disability, citing 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 416.912(a); § 416.945(a)(3). (Def.'s Br. at 5). Here, the Plaintiff does not argue that any medical records are missing, and she does not challenge that the administrative record contains full treatment records from each of Plaintiff's treating sources, having conceded at the close of the hearing that the record was complete except for one record not relevant here. (*Id.* at 6, 7). It is also undisputed that Plaintiff obtained representation

4

in October 2020 and continues to be represented by the same firm before this Court. (*Id.*).

This case seems to present an unusual set of facts with regard to the sufficiency of the medical record. Medical provider NP Norris's treatment records are indisputably in the administrative record. (T. 349-60). These treatment records were clearly reviewed by the ALJ, as evidenced by his reference to the "claimant's rheumatologist" in his written decision, as well as his citation to the Rheumatology Clinic medical record exhibits. (T. 20). Of consequence here is that within these treatment records are references to the preparation and delivery of a functional capacity letter, which was apparently signed by NP Norris. (T. 778). It appears from the office notes that this letter was prepared at the request of claimant's long term disability carrier (MetLife) as a result of claimant's application for long term disability benefits provided by her employer. (T. 778, 779).[2] The functional capacity letter does not appear anywhere in the administrative record.

The issue raised by claimant with regard to the sufficiency of the record, in the absence of NP Norris's functional capacity letter, requires the court to determine whether the ALJ made a reasonable effort to collect medical reports from the plaintiff's medical providers, whether the records received from NP Norris were inadequate to determine whether plaintiff was disabled, and whether the representation by Plaintiff's representative at the hearing that the record was "complete" (except for one unrelated item) constitutes a waiver or an estoppel with regard to the issue of an incomplete record on this appeal.

---

[2] *See also* T. 329, a page from the Disability Report noting a claim made to MetLife Disability.

The lack of an opinion from a claimant's treating provider does not necessarily mean the ALJ failed in its duty to make a reasonable effort to collect medical records. When a claimant is represented by counsel, it is generally the practice for counsel to ask a claimant's medical providers for a written opinion with respect to relevant issues including the existence of severe impairments and whether they cause restrictions, and if so, the impact of those restrictions on the claimant's ability to work.  In this case, NP Norris's medical records seem to be complete (that is, they seem to contain all of the notes with regard to examinations and treatments), but those records also make known the existence of a letter prepared by the provider concerning functional capacity.  The absence of this letter from the records makes evident to the court (and should have made evident to the ALJ and plaintiff's counsel), that there was something missing, that is, NP Norris's records may be incomplete.  Had this issue been identified, it presumably would have been addressed before the hearing or shortly thereafter.  Unfortunately, that did not occur.

Plaintiff, perhaps unaware of the possible existence of the functional capacity letter, takes the position that the duty to fully develop the medical record was breached because the ALJ did not secure opinion evidence from the provider with respect to limitations or restrictions. The plaintiff states: "Thus, the ALJ should have further developed the record by re-contacting Plaintiff's treating provider NP Norris for a medical opinion." (Pl.'s Br. at 10).

The Commissioner's argument in favor of imposing an estoppel upon the plaintiff is compelling especially in light of the discussion in *Dejesus Gonzalez v. Comm'r of Soc. Sec.*, No. 16-CV-4612, 2017 WL 1051119, at *4 (E.D.N.Y. Mar. 19, 2017),

6

wherein the court noted: "It is, again, ironic that the same law firm that represented plaintiff at the hearing is accusing the ALJ of failing to obtain records when counsel at the hearing never alerted the ALJ to any gaps in the record." (Def.'s Br. at 8). There may well be a case in which the failure to identify a missing record will create a basis for an estoppel, but it is not the case before this court.

Under the specific facts presented in this case, the evidence that a letter concerning functional capacity was apparently prepared and was not included in the record, means the record was incomplete. *Crysler v. Astrue*, 563 F. Supp. 2d at 432 (N.D.N.Y. 2008). In consideration of the fact that this process is non-adversarial, that the ALJ has the obligation to assemble a complete record and the objective is for the ALJ to make their findings upon a complete medical history, the Court declines to recommend denying the Plaintiff a remedy because of her inadvertence regarding this issue.

As the lack of the functional capacity letter may well be material to the ALJ's assessment of residual functional capacity, the court concludes that ALJ's decision cannot stand as the Commissioner failed in its duty to assemble a complete record of the Plaintiff's medical care and treatment. A letter prepared by a treating provider concerning functional capacity would undoubtedly have been considered by the ALJ. Given the potential materiality of the issue, the court need not undertake an analysis of whether the ALJ's conclusions were supported by substantial evidence, and must recommend that the matter be remanded.

**WHEREFORE,** based on the findings above, it is hereby respectfully

**RECOMMENDED,** that the plaintiff's motion for judgment on the pleadings (Dkt. No. 15) be **GRANTED**; and it is further

**RECOMMENDED,** that defendant's motion for judgment on the pleadings (Dkt. No. 17) be **DENIED**; and it is further

**RECOMMENDED**, that the decision of the Commissioner be **REVERSED**, and this action be **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Hum. Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: February 21, 2024

Mitchell J. Katz
U.S. Magistrate Judge