UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SUZANNE M. W.

                                                                                            **Plaintiff,**

                             v.                                                                               5:23-CV-268
                                                                                                       (FJS/MJK)

COMMISSIONER OF SOCIAL SECURITY,

                                                                                   **Defendant.**
_____

**APPEARANCES**                                                   **OF COUNSEL**

**OLINSKY LAW GROUP**                        **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street, Suite 210
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **JASON P. PECK, ESQ.**
**OFFICE OF THE GENERAL COUNSEL**       **JOHANNY SANTANA, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

      Plaintiff commenced this action pursuant to the Social Security Act 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying her application for benefits.  *See* Dkt. No. 1, Complaint.  Plaintiff moved for judgment on the pleadings, arguing that the Administrative Law Judge's ("ALJ") residual functional capacity ("RFC") determination was not supported by substantial evidence in the record because the ALJ failed to develop the record by obtaining a medical opinion from Nurse Practitioner Norris, a treating provider who specializes in rheumatology.  *See* Dkt. No. 15, Plaintiff's Brief, at 8.  In

response, the Commissioner argued that (1) Plaintiff bore the ultimate burden of proving she was disabled; (2) Plaintiff was required to furnish medical and other evidence of disability as the Commissioner might require; (3) Plaintiff did not argue that any medical records were missing and her representative had agreed that the record was complete; (4) Plaintiff was represented by experienced counsel and should be estopped from asserting that the ALJ erred in not performing a more exhaustive investigation; (5) Plaintiff had the duty to prove a more restrictive RFC; and (6) the ALJ's decision was supported by substantial evidence. *See generally* Dkt. No. 17.

On February 21, 2024, Magistrate Judge Katz issued a Report-Recommendation, in which he recommended that this Court grant Plaintiff's motion for judgment on the pleadings, deny Defendant's motion for judgment on the pleadings, reverse the Commissioner's decision and remand to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with his Report-Recommendation. *See* Dkt. No. 20 at 8.

Neither Plaintiff nor the Commissioner filed any objections to Magistrate Judge Katz's recommendations and the time for them to do so has expired.

When a party does not object to a magistrate judge's report-recommendation, the court reviews that report-recommendation for clear error or manifest injustice. *See Linares v. Mahunik*, No. 9:05-CV-625, 2009 WL 3165660, *10 (N.D.N.Y. July 16, 2009) (citation and footnote omitted). After conducting this review, "the Court may 'accept, reject, or modify, in whole or in part, the . . . recommendations made by the magistrate judge.'" *Id.* (quoting 28 U.S.C. § 636(b)(1)(C)).

The Court has reviewed Magistrate Judge Katz's February 21, 2024 Report-Recommendation for clear error and manifest injustice; and, finding none, the Court hereby

**ORDERS** that Magistrate Judge Katz's February 21, 2024 Report-Recommendation is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No. 15, is **GRANTED** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with Magistrate Judge Katz's Report-Recommendation; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings, *see* Dkt. No. 17, is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiff and close this case.

**IT IS SO ORDERED.**

Dated: March 8, 2024
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge