**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**SUZANNE M. W.,**

**Plaintiff,**

**v.** **5:23-CV-268 (FJS/MJK)**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

---

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **OLINSKY LAW GROUP**<br>250 South Clinton Street<br>Suite 210<br>Syracuse, New York 13202<br>Attorneys for Plaintiff | **HOWARD D. OLINSKY, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>6401 Security Boulevard<br>Baltimore, Maryland 21235<br>Attorneys for Defendant | **JOHANNY SANTANA, ESQ.** |

**SCULLIN, Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

## I. MOTION

Pending before the Court is Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). *See* Dkt. No. 23. Defendant Commissioner of Social Security ("Commissioner") opposes the motion. *See* Dkt. No. 26.

## II. BACKGROUND

Plaintiff filed her complaint in this action on February 28, 2023, *see* Dkt. No. 1, Complaint, appealing the final administrative decision denying her claim. *See id.* at ¶¶ 1-2 (citing 42 U.S.C. §§ 405(g) and 1383(c)(3)). The Court referred the matter to Magistrate Judge Katz for a report and recommendation. On February 21, 2024, Magistrate Judge Katz issued his Report-Recommendation, in which he recommended that the Court grant Plaintiff's motion for judgment on the pleadings; deny Defendant's motion for judgment on the pleadings; reverse the Commissioner's decision; and remand this action to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with his Report-Recommendation. *See, generally*, Dkt. No. 20.

In a Memorandum-Decision and Order dated March 8, 2024, this Court adopted Magistrate Judge Katz's Report-Recommendation in its entirety and remanded the case to the Commissioner for further proceedings consistent with Magistrate Judge Katz's Report-Recommendation. *See* Dkt. No. 21 at 3. Following the Court's entry of judgment, *see* Dkt. No. 22, Plaintiff filed the pending motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), *see* Dkt. No. 23, to which Defendant filed a response in opposition, *see* Dkt. No. 26.

## III. DISCUSSION

Where a plaintiff obtains remand to an ALJ, they are generally entitled to recover attorney's fees under the EAJA unless the Commissioner's position was substantially justified or special circumstances make an award unjust. *See Stephanie M. v. Comm'r of Soc. Sec.*, 772 F.

Supp. 3d 324, 328 (W.D.N.Y. 2024). "The Agency's position is substantially justified 'if it had a "reasonable basis both in law and in fact."'" *Id.* at 328-29 (quoting *Kerin v. United States Postal Service*, 218 F.3d 185, 189 (2d Cir. 2000) (quoting *Pierce v. Underwood*, 487 U.S. 552, 563, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988))). "The test for whether the government's position was substantially justified is thus one of reasonableness." *Id.* at 329 (citing *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d Cir. 2009) (analysis is whether the position can be "justified to a degree that could satisfy a reasonable person" (quoting *Pierce*, 487 U.S. at 565, 108 S. Ct. 2541))).

"Second, the plaintiff's attorney is not entitled to fees if special circumstances make the award of fees unjust." *Id.* The special circumstances exception "grants 'the court discretion to deny awards where equitable considerations dictate an award should not be made.'" *Id.* (quoting *Scarborough*, 541 U.S. at 422-23, 124 S. Ct. 1856 (2004) (internal quotation marks and quotation omitted)). "Fees have been appropriately denied under the special circumstances exception where a party's 'own misconduct created the circumstances that led to litigation' or where a party's contribution to the success of litigation was negligible." *Id.* (quoting *Vincent*, 651 F.3d at 304 (citation omitted)). "[However] these examples only illustrate the exception; the Second Circuit expects a case-by-case analysis of special circumstances." *Id.* (citation omitted).

"Because Social Security hearings are non-adversarial, 'the ALJ generally has an affirmative obligation to develop the administrative record.'" *Maxey v. Chater*, No. 93-CV-606 (RSP/GJD), 1996 U.S. Dist. LEXIS 12548, *8 (N.D.N.Y. Aug. 28, 1996) (quoting *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)). "The ALJ has this duty even if the claimant is represented by an attorney." *Id.* (citing [*Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)]). Where an ALJ fails to develop the record where an obvious gap exists, his position will not be

substantially justified. *See Stephanie M. v. Comm'r of Soc. Sec.*, 772 F. Supp. 3d 324, 329 (W.D.N.Y. 2024) (citing *Johnson*, 2016 WL 624921, at *3).

Plaintiff contends that, as the prevailing party, she meets all the criteria for entitlement to attorney's fees under the EAJA because the Commissioner's litigation position was not substantially justified, Plaintiff's net assets are worth less than two million dollars, and the Commissioner did not appeal the judgment. *See* Dkt. No. 23-7, Plaintiff's Memorandum of Law, at 1. Furthermore, Plaintiff claims that the Commissioner has the burden of demonstrating that his position was substantially justified and that he has failed to do so here. *See id.* at 2 (citing *Scarborough v. Principi*, 541 U.S. 401 (2004)).

In response. the Commissioner argues that his position was substantially justified; and, therefore, the Court should deny Plaintiff's motion for attorney's fees under the EAJA. *See* Dkt. No. 26, Defendant Commissioner's Opposition, at 1-2. To support his position, Defendant Commissioner argues that Magistrate Judge Katz "did not reach the merits of the administrative law judge's ("ALJ") findings but found remand was required for further development of the record." *See id.* at 1. Specifically, Defendant Commissioner contends that "Judge Katz *sua sponte* discovered a notation in the record alluding to the preparation of a functional assessment form by nurse practitioner (NP) Jennas Norris and remanded on that basis." *See id.* Furthermore, Defendant Commissioner contends that "[n]one of Plaintiff's moving or reply papers identified this evidence. Indeed, Judge Katz found the Commissioner's position to impose estoppel upon Plaintiff especially compelling given that the same firm represented Plaintiff at the administrative level and failed to alert the ALJ to outstanding records." *See id.* For all these reasons, Defendant Commissioner argues that, "[u]nder these circumstances, the Commissioner's position was substantially justified, and Plaintiff is not entitled to EAJA fees." *See id.* at 1-2.

Defendant Commissioner further argues that, "'[t]o be "substantially justified" the position must be "justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person," and it must have a "reasonable basis both in law and fact."'" *See* Dkt. No. 26, Defendant Commissioner's Opposition, at 4 (quoting *Miles ex rel. J.M. v. Astrue*, 502 F. App'x 59, 60 (2d Cir. 2012) (quoting *Pierce v. Underwood*, 478 U.S. 552, 565-66 (1988) (internal quotation marks omitted))). Defendant Commissioner contends that "[t]he agency's efforts to develop the record were many and included consultative examinations as well as the ALJ's development of additional record evidence after holding a hearing." *See id.* (citing [Dkt. No. 9] Tr. 34-35, 567-78, 826-48). Furthermore, Defendant Commissioner claims that "[t]he ALJ also relied on Plaintiff's counsel's repeated assurances that they were developing the record and subsequently that the record was complete." *See id.* (citing [Dkt. No. 9] Tr. 296, 333, 355-60, 368-69). Accordingly, Defendant Commissioner argues that the ALJ made a reasonable determination "based on the evidence that was available, which was otherwise sufficient to make a disability determination." *See id.* (citing 20 C.F.R. §§ 404.1520(b)(1)-(2), 416.920b(b)(1)-(2) (If the evidence is incomplete or inconsistent but sufficient for the ALJ to make a decision, she will make a decision based on the existing evidence); *see, e.g., Janes v. Berryhill*, 710 Fed. App'x 33, 34 (2d Cir. 2018) (An ALJ is not obligated to continue developing the record where the record is already sufficiently complete to make a determination as to disability.)).

Defendant Commissioner also argues that "Judge Katz's analysis further shows that the Commissioner's position here was substantially justified." *See* Dkt. No. 26, Defendant Commissioner's Opposition, at 5. In particular, Defendant Commissioner argues that "Judge Katz reasoned that (1) this case presented an unusual set of facts, (2) Plaintiff's position made clear she was 'unaware of the possible existence of the functional capacity letter,' and (3) the

Commissioner's arguments in defense were persuasive particularly in light of the fact that the same firm represented Plaintiff at the administrative and district court levels." *See id.* (citing Dkt. No. 20 at 5-7). Defendant Commissioner therefore argues that "Judge Katz's reasoning demonstrates that the agency's development efforts -- and the Commissioner's defense of that position -- were reasonable . . . [and that] [s]uch reasonableness warrants a finding that the Commissioner's position was substantially justified." *See id.* Furthermore, Defendant Commissioner asserts that the Court's decision to "'remand[] the case back to the agency to further develop the factual record does not lead to a finding of no substantial justification . . . as "a position can be justified even though it is not correct."'" *See id.* (quoting *Medrano v. Barnhart*, 149 F. App'x 323, 324 (5th Cir. 2005) (citing *Pierce v. Underwood*, 487 U.S. 552, 556 n.2 (1988))).

Moreover, Defendant Commissioner argues that "'[i]t typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified -- something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the commissioner's defending the ALJ's opinion on a forbidden basis.'" *See id.* at 5 (quoting *Bassett v. Astrue*, 641 F.3d 857, 860 (7th Cir. 2011); *see also Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014) ("The government's position in defending the ALJ's analysis might be substantially justified despite remand, for example, where remand was based solely on the ALJ's 'failure to explain his findings adequately' and not on 'the weight he found appropriate for various medical opinions'") (*quoting DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 727 (6th Cir. 2014))).

Finally, Defendant Commissioner asserts that "[i]t is . . . worth noting that Plaintiff's position before the district court makes clear that she was unaware of the existence of functional

capacity evidence" and, therefore, "the Court should also consider whether an award [of attorney's fees] is just." *See* Dkt. No. 26, Defendant Commissioner's Opposition, at 6 (citing *Horton v. Barnhart,* No. 03 CIV. 76 (HB), 2004 WL 2375816, at *3 (S.D.N.Y. Oct. 21, 2004) (finding that the "Second Circuit has instructed that a district court may consider whether special circumstances render an award of attorneys' fees less just when 'all of the fees were expended on discrete efforts that achieved no appreciable advantage and where the claim of the prevailing party rests largely on a result to which the claimant made no contribution.'") (*citing* 28 U.S.C. § 2412(d)(1)(A); *United States v. 27.09 Acres of Land*, 43 F.3d 769, 773 (2d Cir. 1994))).

Finally, Defendant Commissioner contends that Plaintiff's counsel understood he had a duty to develop the record and, thus, his failure to do so would make awarding attorney's fees unjust. *See id.* at 7 (citing *Bryant*, 37 F. Supp. 2d at 213; *Vincent*, 651 F.3d at 306). Defendant Commissioner essentially argues that, had Plaintiff fulfilled her duty to submit all relevant evidence to the ALJ, there would have been no basis for remand. *See id.* at 8 (*Bryant*, 37 F. Supp. 2d at 214).

In response to Defendant Commissioner's arguments, Plaintiff argues that Defendant's position was not substantially justified because the ALJ failed to re-contact NP Norris and missed the note regarding functional capacity. *See* Dkt. No. 29, Plaintiff's Reply, at 1. Furthermore, Plaintiff contends that, although Defendant points to her counsel's failure to discover the note at issue, this was an honest mistake on counsel's part, and this does not absolve the ALJ of his duty to develop the record. *See id.* at 2. Plaintiff asserts that "an argument that the ALJ should have recontacted a provider differs from an argument that the record was incomplete under the facts of **this** case." *See id.* Plaintiff maintains that "[t]he record clearly demonstrates Counsel's efforts to compile Plaintiff's medical records and known evidence

showing Plaintiff's disability in accordance with 20 C.F.R. §§ 404.1512(a), 416.912(a)[.]" *See id.* (citing Dkt. 9 at 301, 313, 338, 349, 360-365, 373).

Plaintiff argues that, although Defendant tries to make the case that the ALJ acted reasonably by ordering consultive examinations, "there appears to be no evidence that the ALJ contacted NP Norris, as part of developing the record." *See* Dkt. No. 29, Plaintiffs' Reply, at 3 (citing Dkt. 9). Plaintiff adds that, "had this contact occurred per the ALJ's responsibilities, there is an even greater likelihood the missing functional capacity letter would have been discovered sooner or Plaintiff's Counsel notified of its necessity in development of the case." *See id.* Plaintiff contends that, "[i]f anything, Defendant is using the benefit of hindsight to bolster his unjustified position as he, too, likely should have spotted the treatment record note and agreed to remand instead of prolonging Federal Court litigation unnecessarily." *See id.* (citing *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 304-306 (2nd Cir. July 8, 2011)).

Plaintiff also contends that "Defendant's position is further unjustified when considering the state agency medical consultants at both the initial and reconsideration levels noted that consultative examinations were required because of insufficient information on the record to determine the severity of Plaintiff's impairment." *See* Dkt. No. 29, Plaintiff's Reply, at 3-4 (citing Dkt. 9 at 109-110, 131-132). Plaintiff argues that "[t]he ALJ then indicated those consultative examinations were not sufficiently persuasive [sic] at least past relevant within his decision." *See id.* at 4 (citing Dkt. 9 at 18-23). Plaintiff claims that, "[s]ince there were also zero treatment physician statements in the record and the ALJ didn't mention treating NP Norris's treatment notes in his decision, it is both factually and legally unreasonable for Defendant to have defended the ALJ's decision." *See id.* (citing Dkt. 9 at 18-23).

Finally, Plaintiff attempts to distinguish this case from *Bryant v. Apfel*. *See* Dkt. No. 29, Plaintiff's Reply, at 4-5 (citing *Bryant v. Apfel,* 7 F. Supp. 2d 210, 213-214 (E.D.N.Y. March 12, 1999)). Plaintiff asserts that, "[u]nlike in *Bryant* and as previously noted, Counsel made every reasonable effort to compile Plaintiff's medical record and wholly believed the record was complete." *See id.* at 5 (citing Dkts. 9 at 301, 313, 338, 349, 360-365, 373; 20 at 4, 6). Plaintiff claims that "[o]ne unfortunately missed document, the existence of which was unknown to Plaintiff's Counsel, does not compare to the kind of insufficient efforts as seen in *Bryant* or the level of malfeasance to which Defendant asserts." *See id.* Plaintiff adds that, while her counsel was responsible for the omission, so was the ALJ, the Appeals Council, and Defendant. *See id.* (citing Dkts. 20, 26). Plaintiff also contends that it would be unfair to deny counsel fees in this case because her counsel worked diligently to compile the record. *See id.* Finally, Plaintiff asserts that she is also entitled to attorney's fees in the amount of $1,186.85 for the time it took to draft the reply brief. *See id.* at 6-7 (citing [Dkt. No. 29-11] (Exhibit A)).

In this case, the Court adopted Magistrate Judge Katz's recommendation that the Court remand the case because, in neglecting to obtain and consult Nurse Practitioner ("NP") Norris's functional capacity letter, the ALJ failed to sufficiently develop the record as was his duty. *See* Dkt. No. 21, Memorandum-Decision and Order, at 3; Dkt. No. 20, Report-Recommendation, at 7. Although Defendant Commissioner repeatedly suggests that Plaintiff's counsel failed to make NP Norris's functional capacity report available, the courts in this circuit are clear that it is the responsibility of the ALJ to develop the record, regardless of whether a plaintiff is represented by counsel. *See, e.g., Maxey v. Chater*, 1996 U.S. Dist. LEXIS 12548, *8 (N.D.N.Y. 1996).

Furthermore, the special circumstances exception is not applicable here. Cases where that exception is invoked based on the inaction of the attorneys typically involve an attorney's

wholesale failure to develop the medical record. *See, e.g., Bryant v. Apfel*, 37 F. Supp. 2d 210, 214 (E.D.N.Y. 1999). In this case, NP Norris' treatment records were included in the administrative record, with the exception of the letter she prepared regarding functional capacity. *See* Dkt. No. 20, Report-Recommendation, at 5. Therefore, this is not a situation "'where equitable considerations dictate an award should not be made.'" *Stephanie M.*, 772 F. Supp. 3d at 329 (quoting *Scarborough*, 541 U.S. at 422-23, 124 S. Ct. 1856 (2004) (internal quotation marks and quotation omitted)).

Defendant Commissioner contends that this case is more akin to *Bryant v. Apfel* than *Vincent v. Comm'r* and that, accordingly, Plaintiff is not entitled to attorney's fees. *See* Dkt. No. 26 at 7 (citing *Bryant*, 37 F. Supp. 2d at 213; *Vincent*, 651 F.3d at 306). In *Bryant*, the court held that, although the ALJ's position was not substantially justified based on his failure to develop the record, "plaintiff's attorneys are not entitled to attorney's fees because the circumstances of this action would make such an award unjust." *Bryant*, 37 F. Supp. 2d at 213 (citing 28 U.S.C. § 2412(d)(1)(A)). The court reasoned that "plaintiff's counsel did not . . . seek or produce critical medical records from the period of plaintiff's claimed disability." *Id.* The court continued by noting that, "[i]n light of the paucity of other objective medical evidence from the period of plaintiff's alleged disability, the absence of these records made it impossible to determine whether plaintiff was, in fact, entitled to disability benefits." *Id.* As such, this case presented a unique scenario where both the ALJ and the plaintiff's counsel failed to take steps to develop the record. *See id.* at 211. In contrast, in *Vincent*, the court held that, where an attorney took steps to develop the administrative record, he had fulfilled his obligation and was entitled to attorney's fees under the EAJA. *See Vincent*, 651 F.3d at 301.

Here, as in *Vincent*, Plaintiff's counsel made efforts to develop the record. *See* Dkt. No. 9 at 301, 313, 338, 349, 360-365, 373. Moreover, the purpose of the special circumstances exception is to allow "'the court discretion to deny awards where equitable considerations dictate an award should not be made.'" *Vincent*, 651 F.3d at 303 (quoting *Scarborough v. Principi*, 541 U.S. 401, 422-23, 124 S. Ct. 1856, 158 L. Ed. 2d 674 (2004) (quoting H.R. Rep. No. 96-1418, at 11 (1980); 1980 U..S.C.C.A.N. 4984, at 4990)). The *Vincent* court explained that, because the purpose of the EAJA is to incentivize attorneys to represent disadvantaged parties, prevailing attorneys should only be denied recovery of attorney's fees where the attorney engaged in wrongdoing or played no role in the success of the case. *See id.* at 304-05. Accordingly, because Plaintiff's counsel made an effort to develop the administrative record and because it does not appear that he engaged in any wrongdoing, the Court declines to adopt Defendant Commissioner's argument that this case is analogous to *Bryant* and, therefore, holds that the special circumstances exception does not apply to this case.

## IV. CONCLUSION

Having reviewed the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for an award to attorney's fees in the amount of **$7,214.15**, which includes the fees associated with the preparation of Plaintiff's opposition to Defendant's objections to this request, pursuant to the Equal Access to Justice Act, see Dkt. Nos. 23, 29 is **GRANTED.**

**IT IS SO ORDERED.**

Dated: August 18, 2026
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge